IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

EVERICK L. MONK                                                                                           PLAINTIFF

vs.                                              Civil No. 1:11-cv-01063

VICE PRESIDENT ROGER GILES, *et al*                                                DEFENDANTS

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before this Court is Defendants, Roger Giles, Donna Allen, Sarah Jennings, Eric Plummer, Shelly Whaley, Sandra Smith, Eunice Walker, Al Lachut, Judy Hines, and Paula Woods' Motion to Dismiss (ECF No. 22) and Defendants, Jay Courson and Okandice Herron's Motion to Dismiss. ECF No. 26. ("Defendants").[1]  Defendants filed these motions on September 28, 2012 and November 6, 2012.  Plaintiff did not file a response to either of these motions.  A hearing was held on these motions on April 30, 2013.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Susan O. Hickey referred these motions to this Court for the purpose of making a report and recommendation.  This Court, following the hearing and having reviewed the parties arguments and briefing, recommends the Defendants' Motions to Dismiss (ECF Nos. 22 & 26) be **GRANTED** and Plaintiff's case dismissed.

**1. Background**

On October 20, 2011, Plaintiff filed a *pro se* Complaint against Defendants. ECF No. 1. Plaintiff's Amended Complaint was filed on November 22, 2011. ECF No. 5.  According to the allegations of the Amended Complaint, Plaintiff applied for admission to the Southern Arkansas

---

[1] The two Motions to Dismiss allege the same basis for dismissal and will be treated as one for the purpose of argument in this report and recommendation.

1

University ("SAU") in Magnolia, Arkansas.  His application for admission was denied, or held in suspension, because he had been convicted of a "sex offence."  Plaintiff states he was told he would have to: pay $40 for a background check; submit a letter from his parole officer; appear before a disciplinary committee and a threat assessment committee.  After going through these steps, Plaintiff states he was denied admission and told there was no further appeal he could make.  Plaintiff alleges denial of admission to SAU was based solely on his conviction of a sex offense eighteen years ago.[2]

On September 28, 2012 and November 6, 2012 Defendants filed Motions to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  ECF. Nos. 22 & 26.  Plaintiff failed to respond to either motion.  On April 30, 2013, a hearing was on Defendants' Motions to Dismiss and all parties were present.

**2.  Discussion**

Plaintiff is proceeding *pro se* in this action, and his pleadings should be thoroughly analyzed and liberally construed before his case can be dismissed.  *See Miner v. Brackney,* 719 F.2d 954, 955 (8th Cir. 1983).  Indeed, "Pro se pleadings are held to a less stringent standard and should not be dismissed unless there is proof 'beyond doubt' that the claimant is without merit."  *Id.*  To ensure Plaintiff's rights have been protected, this Court held a hearing on this Motion and has carefully evaluated his claims in this case.

In the Amended Complaint, Plaintiff indicates his claims are for denial of equal protection under the Fourteenth Amendment.  ECF No. 5, Pg. 2.  In particular, Plaintiff alleges he was denied his right to education, and that the members of the Disciplinary Committee were "discriminating against me due to sex offence." *Id.*  Although Plaintiff does mention violations of the First, Fourth, Eighth,

---

[2]Plaintiff confirmed at the hearing that his allegations for denied admission were based solely on his prior felony conviction of a sex offense.

and Eleventh Amendments in his Amended Complaint, he fails to allege any factual basis whatsoever for his claim based upon these Amendments.

The Equal Protection Clause of the Fourteenth Amendment commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike. *Cleburne v. Cleburne Living Center,* 473 U.S. 432, 439 (1985). The equal protection clause protects fundamental rights and prohibits unequal application of the law based upon suspect classification. It also protects citizens from arbitrary or irrational state action. *See Batra v. Board of Regents of the Univ. of Neb.*, 79 F.3d 717 (8th Cir.1996). In order to successfully plead an equal protection claim, a plaintiff must, at a minimum, allege he was treated differently than similarly situated persons at the hands of a government official and that the treatment was tainted by a purposeful intent to discriminate for an invalid reason. *Id*. at 721-722.

To analyze a claim under the Equal Protection Clause, a court must first determine what level of scrutiny applies to the subject matter at issue. When an equal protection violation is alleged based upon treatment of a suspect class or involving a fundamental right, the court applies strict scrutiny. *See Cleburne v. Cleburne Living Center*, 473 U.S. 432, 440 (1985). When a plaintiff is neither a member of a suspect class nor subject to conduct involving a fundamental right, rational basis review applies. *Weems v. Little Rock Police Department*, 453 F.3d 1010 (8th Cir. 2006).

As set forth above, Plaintiff's allegations of denial of equal protection were based solely on his claim of denial of admission to SAU because of his prior felony conviction of a sex offense. Convicted sex offenders are not a suspect class. Suspect classifications include those such as race, alienage, gender or national origin." *Knapp v. Hanson*, 183 F.3d 786 (8th Cir.1999)(citing *Cleburne v. Cleburne Living Center*, 473 U.S. 432, 440 (1985)). Further, the right to public college education is not a fundamental right. *James v. Williams*, 372 Ark. 82, 270 S.W.3d 855 (2008)(elementary and

secondary education); *San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 35 (1973). Since this claim for equal protection does not involve a suspect class or a fundamental right, courts review state action using a rational basis test. Under the rational basis test, the reason for state action need only be rationally related to a legitimate state purpose. *In re U.S. ex rel. Missouri State High School Activities Ass'n*, 682 F.2d 147, 151-152 (8th Cir.1982).

Plaintiff was convicted of rape, burglary, and robbery. *Monk v. State*, 320 Ark. 189, 895 S.W.2d 904 (1995). Plaintiff was sentenced to forty years imprisonment. *Id.* According to Defendant, Plaintiff was assessed by the Sex Offender Screening and Risk Assessment (SOSRA) program of the Arkansas Department of Correction. Ark. Code Ann. § 12-12-901, et seq. SOSRA determined Plaintiff's community notification risk assessment should be Level 4. This is the highest notification level. Further, Plaintiff's requested admission was, by his own allegation, carefully screened and he was allowed to present his request for admission in person to a threat assessment committee to determine if he should be admitted to SAU.

A rational basis clearly exists in denying admission to Plaintiff. SAU has a legitimate objective of providing a safe environment for their students. It is rational for SAU to deny admission in order to limit a sex offenders access to its classes, campus, students and facilities. Sex offenders are a serious threat. The victims of sex assault are most often juveniles, and when convicted sex offenders reenter society, they are much more likely than any other type of offender to be re-arrested for a new rape or sexual assault.[3] *Connecticut Dept. of Public Safety v. Doe*, 538 U.S. 1, 4 (2003) quoting *McKune v. Lile*, 536 U.S. 24, (2002).

---

[3] The Court notes that although Plaintiff stated at the hearing he had not had any "trouble" or been arrested since his release from prison in 2008, it appears that in 2010 he was incarcerated on a parole violation and a charge of failure to register as a sex offender. *See Monk v. Foster*, 1:10-cv-01072, ECF No. 1 (W.D. Ark. November 16, 2010).

**3. Conclusion**

Based upon the foregoing, this Court recommends that Defendants' Motions to Dismiss (ECF No. 22 & 26) be **GRANTED** and Plaintiff's case be dismissed.[4]

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.** *See Thompson v. Nix*, **897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 6th day of May 2013.**

> s/ Barry A. Bryant
> HON. BARRY A. BRYANT
> U. S. MAGISTRATE JUDGE

---

[4]The Court notes Plaintiff has more than three previous actions which have been dismissed as frivolous. *See e.g., Monk v. Deppa, et al.*, Civil No. 5:97-cv- 00213 (dismissed as frivolous on 6/30/1997); *Monk v. Norris, et al.*, Civil 4:08-cv-00382 (dismissed for failure to state a claim on 11/13/1998); *Monk v. Lay, et al*, Civil No. 5:99-cv-00305 (dismissed as frivolous on 10/22/1999); *Monk v. Reed, et al*, Civil No. 5:00-cv-00161 (dismissed for failure to state a claim on 10/02/2000). Further, while the instant case did not originate in the prison system, the Plaintiff has also had a number of other cases dismissed because of the application of the three strikes rule of 28 U.S.C. §1915(g). *See Monk v. CMS et al.*, Civil No. 5:00-cv-00023; *Monk v. Casey, et al.,* Civil No. 5:00-cv-00268; *Monk v. Norris, et al.*, Civil No. 5:01-cv-00005; *Monk v. Norris, et al.*, Civil No. 5:02-cv-00058; and *Monk v. Phieffer, et al.*, Civil No. 2:06-cv-00121.